UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA DELPHINE SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | No.  2:24-cv-00144-SCR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-34, and supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.  The issue raised is whether Plaintiff could return to her past relevant work.  For the reasons that follow, the Court will DENY Plaintiff's motion for summary judgment and GRANT the Commissioner's cross-motion for summary judgment.  The Commissioner's decision is affirmed.

///

///

___

[1] Leland Dudek became the Acting Commissioner of Social Security in February 2025, and pursuant to Fed. R. Civ. P. 25(d) is substituted as the defendant herein.

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI in February 2021, alleging disability beginning August 7, 2020. Administrative Record ("AR") 278-292.[2] The application was disapproved initially, and on reconsideration. On February 7, 2023, administrative law judge ("ALJ") Lawrence Duran presided over a hearing on Plaintiff's challenge to the disapprovals. AR 37-66 (transcript). Plaintiff participated in the telephonic hearing and was represented by counsel. A vocational expert also testified.

On February 23, 2023, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" as defined in the Act. AR 15-29 (decision). On November 21, 2023, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action in the Eastern District of California on January 11, 2024. ECF No. 1. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 12 (Plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion), and 15 (Plaintiff's reply).

## II. FACTUAL BACKGROUND[3]

Plaintiff was born in 1959, and was 61 years old when she filed her application. AR 278. Plaintiff had a high school education. AR 44. Plaintiff testified that she was unable to work due to back pain and asthma attacks. AR 53. However, she also testified that her asthma was well controlled with medication. AR 56-57. During the 15 years prior to stopping work in 2020, Plaintiff testified that she had worked as a "warehouse worker" and a "home health aide." AR 58.

When asked about the home health aide position, Plaintiff initially testified that the most she had to lift and carry was "probably 10 pounds." AR 58. She testified she was on her feet half the day and sitting half the day. AR 58-59. When asked to describe her tasks in this position, she

---

[2] The AR is electronically filed at ECF No. 9-2. Page references to the AR are to the number in the lower right corner of the page. For briefs, page references are to the CM/ECF generated header in the upper right corner.

[3] The Court will not set forth the factual background/medical evidence in detail as there is no challenge to the assessment of medical opinions or evaluation of Plaintiff's subjective symptom testimony.

2

stated she would "get the patient in an out of bed, clean up her place, and keep her company, feed her, give her insulin." AR 59. The ALJ then asked if Plaintiff had to physically help the person get up to which Plaintiff responded "No." AR 59. And then added, "sometime," she had to physically help. AR 59. The ALJ then inquired if that required lifting more than 10 pounds, and Plaintiff responded: "Well, I'm pushing her up, so I'm not really going to lift her up. I push her up out of the bed." AR 59. The ALJ then asked, well would that be "maybe anywhere from a 25 to 50-pound push" and Plaintiff responded affirmatively. AR 59.

In her work history report, Plaintiff listed that she had worked as a home health aide from January 2017 to August 2020. AR 332. She indicated that she worked 42 hours per week. AR 333. Plaintiff's description of the tasks was consistent with her testimony. AR 353. She wrote that she helped "get patient out of bed to wheelchair, sponge bath, clothing" and that she also prepared meals and did cleaning. AR 353. She wrote on the form that the heaviest weight she lifted was less than 10 pounds. AR 353.

Mark Kelman, a vocational expert ("VE"), testified and described Plaintiff's past relevant work as falling under the Dictionary of Occupational Titles ("DOT") descriptions for warehouse worker (DOT # 922.687-058) and companion (DOT # 309.677-010). AR 62. The VE explained that the "closest job title that would match" considering "what [Plaintiff] did and how she did it" was companion. AR 62. The VE testified the job was done at the light exertion level. AR 62-63. The VE testified that the companion job offered "flexibility with the sitting, standing, and walking." AR 64. The VE testified he was describing the job "both as performed and as it would typically be performed," and that his testimony was consistent with the DOT. AR 64.

### III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . .'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

///

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Substantial evidence "means—and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation and citation omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, it must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

A claimant is "disabled" if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

*Id.*, §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make her capable of performing her past work?  If so, the claimant is not disabled.  If not, proceed to step five.

*Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are

blind or disabled"); *Bowen*, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since August 7, 2020, the alleged onset date (AR 21).
>
> 2. [Step 2] The claimant has the following severe impairments: lumbar disc disease with radiculopathy, gastroesophageal reflux disease, hypertension, asthma, chronic sinusitis with nasal polyposis, and chronic obstructive pulmonary disease. (AR 21).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 26).
>
> 4. [Preparation for Step 4] The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: the claimant can stand and walk for 4 hours in an 8-hour workday. The claimant requires a sit/stand option at will with a maximum of 30 minutes continuously on her feet. The claimant is unable to climb ladders, ropes or scaffolds.  She is unable to crouch or crawl.  She can occasionally climb ramps or stairs.  She can occasionally stoop to knee level and kneel. She must avoid exposure to work hazards, such as dangerous, moving machinery and unprotected heights.  She must avoid concentrated exposure to dusts, fumes, odors, poor ventilation, etc.  (AR 22-23).
>
> 5. [Step 4] The claimant is capable of performing past relevant work as a companion (DOT: 309.677-010, light, SVP 3). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.  (AR 26).
>
> 6. [Step 5] The ALJ did not make a step 5 determination because the ALJ found Plaintiff could return to her past relevant work at Step 4.
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from August 7, 2020 through the date of the ALJ's decision. (AR 28).

///

///

# VI.  ANALYSIS

Plaintiff raises only one issue on summary judgment: Plaintiff contends that at Step 4 of the sequential evaluation, the ALJ relied on a misclassification of Plaintiff's past work, and ignored Plaintiff's testimony as to how the job was actually performed.  ECF No. 12 at 3. Specifically, Plaintiff contends her past work required the ability to push and pull more than twenty pounds, which she could not do given her exertional limitations.  *Id*.  Defendant contends that Plaintiff's past work was not misclassified by the VE, and that the ALJ relied on the VE's testimony which constitutes substantial evidence.  ECF No. 14 at 2-4.  Plaintiff's opening brief appears to argue that the ALJ ignored how the job was actually performed, particularly with regard to the lifting requirement.  ECF No. 12 at 8 (Framing the issue on appeal as: "The ALJ relied on a misclassification of Plaintiff's past work and in so doing ignored Plaintiff's testimony that her past work required the ability to push and pull more than twenty pounds of weight, a function that she was no longer capable of due to her exertional limitations of no more than twenty pounds.").  However, in the reply brief, Plaintiff's argument appears to change somewhat, and Plaintiff relies heavily on *Pinto v. Massanari*, 249 F.3d 840 (9th Cir. 2001), a case that was not cited in the opening brief.  ECF No. 15 at 3-5.  Plaintiff in reply contends she is "not arguing that the ALJ relied on a finding that she can return to past work 'as performed' versus 'as generally performed,'" but rather that she never performed the job of companion.  ECF No. 15 at 2.  Although the initial argument appeared to be that Plaintiff's work as a companion was actually performed at the medium exertional level, and Plaintiff's reply brief argument is that she never worked as a companion, both are variations on the Step 4 challenge and thus the Court finds Plaintiff has not inappropriately raised a new issue/argument in reply.

"At Step Four, claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto*, 249 F.3d at 845.  "To determine whether a claimant has the [RFC] to perform h[er] past relevant work, the [ALJ] must ascertain the demands of the claimant's former work and then compare the demands with h[er] present capacity." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986).  "The claimant has the burden of proving an inability to return to his former *type* of work and not just to his former job." *Id.*; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1083

(9th Cir. 2002) ("A claimant must be able to perform her past relevant work either as actually performed or as generally performed in the national economy.").

The VE in this case reviewed the file concerning Plaintiff's vocational background (AR 61) and heard Plaintiff's testimony. Based on this, the VE explained that the "closest job title that would match" considering "what [Plaintiff] did and how she did it" was "companion" (DOT # 309.677-010). AR 62. The VE testified the job was done at the light exertion level. AR 62-63. The VE testified that someone with Plaintiff's limitations could perform the job. AR 63-64. The VE testified that the companion job offered "flexibility with the sitting, standing, and walking." AR 64. The VE testified he was describing the job "both as performed and as it would typically be performed," and that his testimony was consistent with the DOT. AR 64.

Plaintiff was represented by counsel at the administrative hearing and counsel questioned the VE about the difference between Plaintiff's description of the job as "home health aide" and the VE's description of the job as "companion." AR 64-65. The VE testified that the jobs "parallel each other" and that one is more "hands-on." AR 65. The VE described how transferring or tilting a patient is not "lifting" the weight of the person and as typically performed involves 10 to 20 pounds. AR 65. Plaintiff's counsel responded to the VE by saying, in part: "Right. And I'm not dispute the – any of the lifting." AR 65. Plaintiff then asked if "companion" duties could include "sponge bathing and clothing the person," and the VE responded that it would and would constitute light work. AR 65.

Thus, when given the opportunity to cross-examine the VE, Plaintiff's counsel disclaimed that there was a dispute concerning the exertional limitation on lifting. By contrast, the issue as framed before this Court includes whether the ALJ "ignored Plaintiff's testimony that her past work required the ability to push and pull more than twenty pounds of weight." ECF No. 12 at 8. A party can forfeit an issue by not presenting it before the administrative agency. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."). In this case, the Court does not find the issue waived. Plaintiff sought to further pursue the issue through a brief to the Appeals Council. AR 492. In that brief, Plaintiff argued

that the "push/pull requirements of [Plaintiff's] past work *as actually performed* would exceed the demands of light work and be best characterized at the medium exertional level." AR 492 (emphasis in original).

Plaintiff also sought to submit evidence to the ALJ after the hearing, which the ALJ characterized as "rebuttal evidence as to the vocational expert testimony given at the hearing." AR 19. Plaintiff obtained the opinion of a different vocational consultant, Karen Starr, after the hearing. AR 35-36. Ms. Starr stated that the VE had incorrectly classified Plaintiff's prior work as "companion" when it should be 'home attendant," also referred to as "home health aide" (DOT # 354.377-014). The ALJ declined to admit the evidence, noting that Plaintiff was represented at the hearing, had the opportunity to cross-examine the VE, and did not raise an objection or request to submit further evidence. AR 19. The ALJ explained that even if considered, the additional evidence would not change the conclusion. AR 27-28.

Plaintiff argues that the classification of "home attendant" was a better match than "companion." ECF No. 12 at 9-13. There is significant overlap in the two job descriptions. "Companion" is described as:

> Cares for elderly, handicapped, or convalescent persons: Attends to employer's personal needs [PERSONAL ATTENDANT (domestic ser.)]. Transacts social or business affairs [SOCIAL SECRETARY (clerical)]. Reads aloud, plays cards, or other games to entertain employer. Accompanies employer on trips and outings. May prepare and serve meals to employer.

DOT # 309.677-010; 1991 WL 672667.

The job of "home attendant" is described as:

> Cares for elderly, convalescent, or handicapped persons in patient's home, performing any combination of following tasks: Changes bed linens, washes and irons patient's laundry, and cleans patient's quarters. Purchases, prepares, and serves food for patient and other members of family, following special prescribed diets. Assists patients into and out of bed, automobile, or wheelchair, to lavatory, and up and down stairs. Assists patient to dress, bathe, and groom self. Massages patient and applies preparations and treatments, such as liniment or alcohol rubs and heat-lamp stimulation. Administers prescribed oral medications under written direction of physician or as directed by home care nurse. Accompanies ambulatory patients outside home, serving as guide, companion, and aide.

>Entertains patient, reads aloud, and plays cards or other games with patient. Performs variety of miscellaneous duties as requested, such as obtaining household supplies and running errands. May maintain records of services performed and of apparent condition of patient. May visit several households to provide daily health care to patients.

DICOT 354.377-014; 1991 WL 672933.

Both occupational descriptions involve care for the elderly, convalescent, and handicapped. Both involve food preparation. Both involve reading aloud, playing cards, or other games. Both involve attending to personal needs, and both involve sometimes attending to the person's needs on outings. At least one court has previously recognized that the "home attendant" and "companion" jobs are quite similar. *See Tucker v. Barnhart*, 130 F. App'x 67, 68 (8th Cir. 2005) ("Finally, the only differences in the characteristics of the home-attendant and companion jobs are that the first is medium work and requires a language development of two, whereas the second is light work and requires a language development of three.").

Plaintiff contends that "[n]otably missing from this [companion] description is any account of hygiene tasks, like dressing or sponge baths." ECF No. 12 at 10. Plaintiff also contends that "home attendant" is more appropriate because it includes laundry, medication administration, and transfers out of bed or wheelchair. ECF No. 12 at 11. However, the VE's testimony already accounted for these alleged distinctions. Plaintiff asked the VE on cross-examination whether a "companion" position could also do things like sponge bathing, clothing, and cleaning and the VE responded "right" and that those tasks would be light work. AR 65. The testimony of a VE is "regarded as inherently reliable," although of course "not incontestable." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017). "The SSA contracts with VEs to provide impartial vocational testimony in hearings before ALJs." *White v. Kijakazi*, 44 F.4th 828, 834 (9th Cir. 2022). A VE's testimony is often sufficient by itself to support an ALJ's finding, unless it is "so feeble, or contradicted, that it would fail to clear the substantial evidence bar." *Id.* at 835. Thus, the substantial evidence inquiry for VE testimony "must proceed on a case-by-case basis, taking into account all features of a vocational expert's testimony, as well as the rest of the administrative record." *Id.*

The ALJ's step four finding is supported by substantial evidence. There was no challenge to the VE's qualifications, and he has a master's degree, is a certified rehabilitation counselor and vocational evaluator, and has been working in the field since 1978.[4] AR 483. As set forth above, the VE described Plaintiff's past relevant work as falling under the DOT description for companion (DOT # 309.677-010). AR 62. The VE explained that the "closest job title that would match" considering "what [Plaintiff] did and how she did it" was companion. AR 62. The VE testified the job was done at the light exertion level. AR 62-63. The VE testified that the companion job offered "flexibility with the sitting, standing, and walking." AR 64. The VE testified he was describing the job "both as performed and as it would typically be performed," and that his testimony was consistent with the DOT. AR 64.

The ALJ set forth his analysis that Plaintiff could perform the job both as actually performed and as generally performed. AR 27. As to Plaintiff's argument that the "ALJ ignored how the job was actually performed, particularly with regard to the lifting requirement." (ECF No. 12 at 8), the Court does not find the argument convincing. Plaintiff's work history report stated that the heaviest weight she lifted in that job was less than 10 pounds. AR 353. Plaintiff testified the most she lifted was "probably 10 pounds." AR 58. Plaintiff initially testified "no," when asked if she had to physically help the person get up, and then added sometimes. AR 59. Plaintiff then responded affirmatively to the ALJ's question that if she was helping to push someone up, she may be using 25 to 50 pounds of force. AR 59. The VE explained that transferring someone was not equivalent to lifting them. AR 62-63. The ALJ did not ignore lifting requirements. To the contrary, Plaintiff indicated in writing and via testimony that she never lifted more than 10 pounds in her prior home health aide position, it was only in response to thorough questioning by the ALJ that the suggestion was made that she perhaps lifted more. Plaintiff's testimony at the time of trial was that she could lift 20 pounds. AR 59.

///

---

[4] "While there are no specific educational or certification requirements for VEs, a majority of VEs have a master's degree and are nationally certified rehabilitation counselors." *White*, 44 F.4th at 834.

The ALJ also considered the untimely post-hearing submission from Ms. Starr and found it would not change the disability determination. AR 27-28. Ms. Starr offers an alternate interpretation of the record. However, the Court defers to the ALJ's reasonable interpretation of the evidence. *Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the decision, the ALJ's conclusion must be upheld."); *see also Dunn v. Colvin*, 2014 WL 2159275, *7 (S.D. Cal. May 23, 2014) ("even if Plaintiff's belated [vocational] data is considered, because the evidence is susceptible to a reasonable interpretation that supports the ALJ's decision, his conclusions must be upheld . . . the court will not second guess the ALJ's reliance on vocational expert testimony.").

## VII. CONCLUSION

Plaintiff bears the burden of proof at Step 4 of demonstrating that she cannot return to her past work either as actually or generally performed. *Pinto*, 249 F.3d at 844. Plaintiff did not meet that burden, and the ALJ determined that she could return to her past work. The ALJ's decision was supported by substantial evidence, including the VE testimony and Plaintiff's description of the work performed, both in her oral testimony and the work history report. "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Substantial evidence "means—and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation and citation omitted). Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 12) is DENIED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is GRANTED; and

///

///

///

///

1    3.  The Clerk shall enter Judgment in favor of the Commissioner and close this file.

2   SO ORDERED.

3   DATED:  March 27, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE